_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 13, 2018

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                          )     Case No. 13-10499-MKN
                                                )     Chapter 11
CHARLESTON ASSOCIATES, LLC,                     )
                                                )     Date:   February 6, 2018
                    Debtor.                      )     Time:   10:30 a.m.
_____                 )

**ORDER ON VERIFIED THIRD-PARTY CLAIM TO IMPROPERLY
GARNISHED PROPERTY AND PETITION FOR HEARING[1]**

On February 6, 2018, the court heard the Verified Third-Party Claim to Improperly

Garnished Property and Petition for Hearing. The appearances of counsel were noted on the

record. After arguments were presented, the matter was taken under submission.

**BACKGROUND**

On June 17, 2010, a voluntary Chapter 11 petition was filed by Charleston Associates,

LLC ("Debtor"). (ECF No. 1). On September 28, 2012, a Chapter 11 plan of reorganization

("Plan") was confirmed. (ECF No. 809). Pursuant to the confirmed plan, New Boca

Syndications Group, LLC ("New Boca") acquired portions of a shopping center located in

Southern Nevada that generates rental proceeds ("Rents") from various tenants. In addition to

_____

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents
filed in the above-captioned bankruptcy case as they appear on the docket maintained by the
clerk of the court. All references to "AECF" No." are to the numbers assigned to the documents
filed in any adversary proceeding commenced in connection with the bankruptcy case. All
references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.
All references to "NRS" are to the provisions of the Nevada Revised Statutes. All references to
"FRBP" are to the provisions of the Federal Rules of Bankruptcy Procedure. All references to
"FRCP" are to the Federal Rules of Civil Procedure.

1

acquiring the shopping center, New Boca assumed liability under certain claims asserted against the Debtor by City National Bank, N.A. ("City Bank") and RA Southeast Land Company, LLC ("RA Southeast"). Those claims are the subject of an adversary proceeding styled as <u>Charleston Associates, LLC v. RA Southeast Land Company, et al.</u>, Adversary No. 10-01452-MKN ("RA Southeast Adversary").

On October 5, 2011, an order was entered in the RA Southeast Adversary granting partial summary judgment in favor of the Debtor and against City Bank and RA Southeast. (AECF No. 120). The order was appealed to the United States District Court for the District of Nevada ("USDC"). On July 25, 2013, the USDC entered an order reversing the bankruptcy court's partial summary judgment order. (AECF No. 207). On January 25, 2016, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed the USDC order. 632 Fed.Appx. 362 (9th Cir. 2016). On February 24, 2016, the Ninth Circuit entered a separate order directing to the USDC all requests by City Bank and RA Southeast for legal fees.

On April 19, 2017, the USDC entered an order against the Debtor awarding $540,088.55 in attorney's fees and costs in favor of City Bank. The USDC denied without prejudice City Bank's request, under the Plan, to enforce against New Boca the Debtor's liability for the amounts awarded.

On April 26, 2017, the USDC entered an order against the Debtor awarding $370,330.99 in attorney's fees and costs in favor of RA Southeast. The USDC also denied without prejudice RA Southeast's request, under the Plan, to enforce against New Boca the Debtor's liability for the amounts awarded.

On May 19, 2017, First American Title Insurance Company ("FATCO "), as assignee of RA Southeast, filed a motion in the Debtor's bankruptcy case to enforce the Plan ("Enforcement Motion") by requiring New Boca to pay the attorney's fees and costs that had been awarded by the USDC against the Debtor. (ECF No. 932). Opposition was filed by the Debtor. (ECF No. 943). A joinder in FATCO's Enforcement Motion was filed by City Bank. (ECF No. 945). A reply to the Debtor's opposition was filed by FATCO. (ECF No. 946). A joinder in FATCO's reply was filed by City Bank. (ECF No. 947).

On June 20, 2017, the FATCO motion was heard and granted by this court. On July 7, 2017, a written order was entered granting the Enforcement Motion. (ECF No. 954).

On July 24, 2017, a judgment in favor of FATCO and against New Boca ("FATCO Judgment") was entered in the Debtor's bankruptcy case in the amount of $370,330.99 plus interest at the federal judgment rate from April 27, 2017.[2]

On or about November 20, 2017, FATCO served a Notice of Intent to Serve Writs of Garnishment on the tenants of the New Boca property ("Notice").[3] That Notice was served on the Debtor, New Boca, and US Bank. (ECF No. 970).

On or about December 22, 2017, US Bank served an Objection to Writs of Garnishment and Execution Upon Rents. (ECF No. 971).

On or about January 4, 2018, FATCO served a Notice of Intent to Serve Writ of Garnishment in Aid of Execution on Wells Fargo. That Notice was served on the Debtor, New Boca, US Bank, and City Bank. (ECF No. 972).

On January 16, 2018, US Bank filed a Verified Third-Party Claim to Improperly

---

[2] On May 24, 2017, in the RA Southeast Adversary, City Bank filed a motion to substitute New Boca as the plaintiff and counterclaim defendant, and to enforce the Plan with respect to the attorney's fees that had been awarded by the USDC. (AECF No. 466). FATCO filed a joinder (AECF No. 472), opposition was filed by the Debtor (AECF No. 473), and City Bank filed a reply. (AECF No. 475). On June 21, 2017, the motion was heard by the court and granted. On July 7, 2017, a written order granting the motion was entered. (AECF No. 494). On July 18, 2017, a separate judgment against New Boca in the amount of $540,088.55 was entered in favor of City Bank. (AECF No. 496). City Bank garnished certain Rents that had been deposited into certain accounts maintained by New Boca at Wells Fargo Bank ("Wells Fargo"). Thereafter, US Bank filed a Petition for Return of Improperly Garnished Property ("Garnishment Return Petition") that was opposed by City Bank. That Garnishment Return Petition was filed by US Bank as a pleading in the RA Southeast Adversary. (AECF No. 531). On December 12, 2017, this court entered an order denying the Petition ("Deposit Account Order"). (AECF No. 539). US Bank appealed that order to the USDC.

[3] Attached to the Notice is a copy of written instructions to the constable of the Las Vegas Township ("Constable") to serve the tenants at the New Boca property with copies of the writs necessary to obtain the monthly rent checks. Presumably, the checks are payable to New Boca as the landlord for the shopping center.

Garnished Property and Petition for Hearing ("US Bank Claim").  (ECF No. 973).[4]  Pursuant to

NRS 31.070,[5] US Bank apparently seeks, *inter alia*, "an order declaring [US Bank] is the rightful

and sole owner of the Rents or that it has a superior interest to that of [FATCO], and compelling

the Constable to remit the entirety of any Rents taken to [US Bank]."  US Bank Claim at 12:19-

22.

On January 17, 2018, US Bank filed an Application for Temporary Restraining Order and

Motion for Preliminary Injunction (" TRO Application") (ECF No. 976) seeking an order to

prevent FATCO from garnishing the Rents payable to New Boca pending resolution of the US

Bank Claim.[6]  Attached to the TRO Application are copies of various exhibits, two of which are

declarations signed under penalty of perjury.  One of the declarations is from one of US Bank's

attorneys ("Attorney Declaration") and the other declaration is from a servicing officer

("Servicing Officer Declaration") for C-III Asset Management, LLC, which apparently services

the underlying loan to New Boca that is held by US Bank.[7]  Attached to these declarations are

copies of the following documents: a Deed of Trust and Absolute Assignment of Rents and

Leases and Security Agreement (and Fixture Filing) ("Deed of Trust"), an assignment of the

---

[4] A certificate of service is attached to the US Bank Claim attesting that a copy was electronically served on counsel for the Debtor, RA Southeast, City Bank, and the Office of the United States Trustee, and that a copy was hand delivered to the Constable.  The certificate does not attest that the US Bank Claim was served by any method on counsel for New Boca.  On January 17, 2018, an amended version of the US Bank Claim was filed.  (ECF No. 975).  An equivalent certificate of service is attached to the amended version.

[5] NRS 31.070 is described by the Nevada Supreme Court as "[t]he third-party claim statute [that] is designed to give a summary remedy to persons . . . who own property in which a judgment creditor can claim no interest."  Elliott v. Denton & Denton, 860 P.2d 725, 726 n.1 (Nev. 1993).

[6] On January 18, 2018, an amended version of the TRO Application was filed.  (ECF No. 977).

[7] The declaration from the servicing officer has a signature date of November 10, 2017, and apparently is merely a copy of the declaration filed by US Bank in support of its unsuccessful Garnishment Return Petition.

4

same document, a Cash Management Agreement, and a Deposit Account Control Agreement.[8]

On January 25, 2018, orders were entered shortening time so that a hearing on the US Bank Claim and TRO Application could be held on February 6, 2018.  (ECF Nos. 982, 983).

On February 2, 2018, oppositions to both matters were filed by FATCO.  (ECF Nos. 986, 987).[9]

On February 5, 2018, replies were filed by US Bank.  (ECF Nos. 988, 989).

## DISCUSSION

The court having considered the written and oral arguments and representations of counsel, together with the record in this Chapter 11 case and the RA Southeast Adversary, concludes that the US Bank Claim should be denied without prejudice.[10]  Several considerations lead to this conclusion.

First, the language of NRS 31.070(5) requires that notice of a claim of right to the garnished property must be given to all parties claiming an interest in the property.  As previously observed at 4, _supra_, the prayer of the US Bank Claim seeks a declaration that it is the "sole owner" of the Rents _or_ that its interest is "superior" to that of FATCO.  A declaration that US Bank is the sole owner of the Rents would cut off the rights, if any, of all other parties, particularly the Debtor, New Boca, and City Bank.  While the record reflects that US Bank electronically served a copy of the US Bank Claim on counsel for the Debtor, RA Southeast, City Bank, and the Office of the United States Trustee, there is no indication that notice was

---

[8] The US Bank Claim is accompanied by a verification executed by the same servicing officer.  Because the US Bank Claim includes a substantial number of legal conclusions and arguments rather than alleged facts on which the servicing officer might have personal knowledge, the verification appears to be overreaching.

[9] Exhibit "4" of FATCO's opposition to the TRO Application consists of an unauthenticated copy of an email message dated January 31, 2018, apparently from FATCO's counsel to the Constable.  That email purportedly confirms that the Constable had been instructed to return to the tenants any Rent checks received from New Boca's tenants.

[10] A separate order with respect to the TRO Application has been entered contemporaneously with the instant Order.

1   served on the client parties.[11]  More important, there is no indication that notice was given to

2   New Boca, or on behalf of New Boca through its counsel of record.[12]

3          Second, it is not disputed that US Bank objected FATCO's garnishment of the Rents and

4   that FATCO did not post an undertaking with the Constable as required by NRS 31.070(1).  It is

5   not disputed that the Constable was required by NRS 31.070(1) to release any Rents received.

6   Moreover, it is not disputed that FATCO instructed the Constable to return to the shopping

7   center tenants any Rent checks received as a result of the garnishment notices.  As of the

8   hearing, it is not disputed that the Rents check actually received by the Constable had been

9   returned to the tenants.  As of the hearing, there was no competing claim to the Rents being

10  asserted by FATCO under NRS 31.070.  Thus, US Bank essentially was seeking a solution for a

11  problem that no longer exists.

12         Third, it appears that US Bank is now asserting a claim to the Rents under the US Bank

13  Claim that it did not assert in connection with its prior Garnishment Return Petition.  In

14  connection with that proceeding, US Bank asserted that US Bank, rather than New Boca, owns

15  the Rents as a result of language in the Cash Management Agreement.  See Garnishment Return

16  Petition at 3:24 to 4:16 and 8:13-28.  This court concluded that the Cash Management

17  Agreement provides for US Bank to have a security interest in the Rents but does not provide for

18  a transfer of ownership.  Whether this court's conclusion was sound will be determined on

19  appeal by the USDC.  In connection with the current proceedings against FATCO, however, US

20  Bank now asserts that it owns the Rents as a result of the assignment language in the Deed of

21  Trust, instead of the Cash Management Agreement.  Presumably, US Bank cannot raise this

22

23         [11] NRS 31.070(5) states in pertinent part that notice of the hearing on a verified third -
    party claim must be given to all parties claiming an interest in the property "or their attorneys."
24  The statute does not, however, require the issuance of a summons compelling parties in interest
    to respond to a third-party claim.  It is not entirely clear how service of a third-party claim only
25  on the attorney for a party could conclusively determine ownership of disputed property.

26         [12] It appears that counsel for the Debtor, i.e., the law firm Lewis Roca Rothgerber
    Christie, LLC, also represents New Boca.  See Notice of Filing Supersedeas Bond, RA Southeast
27  Adversary, AECF No. 401.  The certificate of service attached to the US Bank Claim attests that
    the law firm was served as counsel for the Debtor but does not attest that it was served as
28  counsel for New Boca.

                                                6

claim in its appeal of the Deposit Account Order because it never raised the claim before this court.[13]  In any event, it does not appear that FATCO currently is disputing the validity of US Bank's claim under the assignment language in the Deed of Trust, nor does it currently seek to garnish any Rents held by the Constable or in the deposit accounts maintained by New Boca at Wells Fargo.

Fourth, it appears that the exclusive remedy for an improper garnishment under NRS 31.070, see Elliott v. Denton & Denton, 860 P.2d at 725 n.1 (third-party claim process under NRS 31.070 is an exclusive remedy absent an independent action against the responding parties), assumes that the party seeking to garnish a judgment debtor's assets has in fact submitted an undertaking in favor of the third party asserting the claim to the property.  See NRS 31.070(2). See, e.g., All Nite Garage, Inc. v. A.A.A. Towing, Inc., of Reno, 452 P.2d 902 (Nev. 1969).  The undertaking indemnifies the third party against, *inter alia*, any losses, damages, costs and attorney's fees occasioned by the garnishment.  Id.  If the third party does not object to the sufficiency of the undertaking, the objection is waived.  See NRS 31.070(3).  Because the undertaking is designed to be sufficient to satisfy the attorney's fees claimed by the third party, it appears that NRS 31.070 provides only a limited statutory exception to the American Rule for the award of attorney's fees.  See Baker Botts L.L.P. v. ASARCO, Inc., 135 S.Ct. 2158, 2164 (U.S. 2015)("Our basis point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.").  Under the very statute relied upon by US Bank, if the garnishing creditor fails to provide an undertaking in response to a verified third party claim, the garnished property is released by the sheriff and the threat of loss to the third party ends. That is what has occurred in this matter. The language of NRS 31.070 does not provide for the third party to otherwise seek recovery of any attorney's fees from the garnishing creditor when no undertaking to pay such fees is provided to the sheriff.

---

[13] At the hearing on the US Bank Claim, US Bank suggested that its Garnishment Return Petition included the assertion of a claim to ownership of the Rents based on the assignment language in the Deed of Trust.  There is nothing in the Garnishment Return Petition nor in the reply filed in support of that petition, AECF No. 538, that is consistent with that suggestion.

7

Fifth, nothing in NRS 31.070 precludes a third party claimant, however, from asserting an independent theory of recovery against a judgment creditor that abandons its garnishment efforts. The Nevada Supreme Court's majority opinion in <u>Elliott</u> acknowledged that the summary remedy provided under that statute does not prevent the rightful owner of the subject property from pursuing separate tort remedies. 860 P.2d at 726 n. 1, <u>citing</u>, <u>e.g.</u>, <u>Nevada Credit Rating Bureau v. Williams</u>, 88 Nev. 601 (Nev. 1972). In this instance, the US Bank Claim does not assert an independent basis for liability against FATCO, and also does not state a basis for relief against FATCO under the Nevada statute.

Finally, it appears that US Bank may have alternate remedies available. As suggested by both the majority and dissenting opinions in <u>Elliott</u>, the assertion of independent bases for tort liability, if any, are not precluded by NRS 31.070. 860 P.2d at 726 n.1 (Springer, J.); 860 P.2d at 730-733 (Steffen, J., dissenting). In the event an actual case and controversy exists that would support a request for declaratory relief from this court, commencement of a separate adversary proceeding under FRBP 7001(7) might be appropriate. Moreover, in the event that FATCO files a written request in the future asserting a claim to Rents that does not have an evidentiary or legal basis, the assertion of such a claim or continued advocacy of such a claim may be subject to "Rule 11" sanctions. <u>See generally</u> <u>Jacobs v. Brain Power America, Inc.</u>, 2017 WL 834978, at *4 (D.Nev. March 3, 2017).[14] Sanctions may include fines, attorney's fees, or non-monetary measures designed to deter future misconduct. <u>See generally</u> 5A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer & Adam N. Steinman, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1336.3 (3rd ed. 2017).

For these reasons, the court concludes that the US Bank Claim does not comply with NRS 31.070 and cannot be sustained. Whether US Bank has other claims for relief against

---

[14] FRBP 9011 is based on the provisions of FRCP 11. Both provisions address representations made to the court in documents signed and filed by the parties and their attorneys, as well as the later advocacy of those representations. Subsection (b) of both rules sets forth the standards governing representations made to the court and subsection (c) provides for sanctions to be imposed in the event those standards are not met. These provisions also are mirrored in Rule 11 of the Nevada Rules of Civil Procedure.

1   FATCO is not before the court.  Denial of the US Bank Claim without prejudice is appropriate.

2          **IT IS THEREFORE ORDERED** that the Verified Third-Party Claim to Improperly

3   Garnished Property and Petition for Hearing, Docket No. 975, be, and the same hereby is,

4   **DENIED**.

5

6   Copies sent to all parties via CM/ECF ELECTRONIC FILING

7

8                                              # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28